UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| MICHAEL P. QUINLAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 4:14-CV-1990 (CEJ) |
| SENSIENT TECHNOLOGIES CORPORATION, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant's motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has responded in opposition, and the issues are fully briefed.

### I. Background

Plaintiff brings this action *pro se,* asserting claims of harassment and retaliation in connection with his employment by defendant. In the complaint, plaintiff alleges that his supervisor began harassing him in March 2012 after he reported to the defendant's human resources department and management that the supervisor and plaintiff's ex-girlfriend were "messing around." A year later, on March 15, 2013, defendant terminated plaintiff's employment by letter.

Plaintiff subsequently filed charges of employment discrimination with the U.S. Equal Employment Opportunity Commission (EEOC) and the Missouri Commission on Human Rights (MCHR). He received his notice of right to sue from the EEOC on September 29, 2014.

### II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; see also id. at 563 (stating the "no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement."). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

When ruling on a motion to dismiss, a court generally may not consider matters outside the pleadings. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999) (citations omitted). It may, however, consider matters of public records, materials that do not contradict the complaint, exhibits attached to the pleadings, and materials necessarily embraced by the complaint. Mills v. City of Grand Forks, 614 F.3d 495, 498 (8th Cir. 2010). In this case, plaintiff attached his notice of right to sue from the EEOC and the charge of discrimination he filed with

2

the MCHR. These documents are materials necessarily embraced by the complaint, and the Court may consider these in ruling on the motion to dismiss.

## III. Discussion

In the instant motion, defendant argues that plaintiff's allegations are general claims of perceived unfair treatment by his supervisor based solely on personal disagreements, rather than unlawful conduct. Defendant further asserts that plaintiff alleges no act of prohibited discrimination, nor any cognizable instance of retaliation based upon any federally protected activity or complaint.

Plaintiff's complaint consists of a court-provided "Employment Discrimination Complaint" form and several typewritten pages. On page 5 of the form, plaintiff placed an "X" in the space for indicating that he was discriminated against because of his race. He also placed an "X" in the space marked "other" and wrote "harassment from supervisor" and "retaliation." The typewritten portion of the complaint contains a lengthy narrative section and a section that is in questionnaire format. Question 19 in the questionnaire section asks whether plaintiff believes his discharge "was, in any way, related to" age, sex, politics, race, religion, complaints about his employer, or other reason. Plaintiff placed an "X" next to the space marked "other." Attached to the complaint is a copy of the charge of discrimination plaintiff filed with the EEOC. The charge reflects that plaintiff asserted only a claim of retaliation for complaining about being harassed by a supervisor.[1] The boxes on the charge form that plaintiff could have marked to

---

[1] In the charge, plaintiff stated that "the same supervisor had made offensive racial comments about an African American coworker and no action was taken against him." However, it is evident that the charge, when read in its entirety, does not contain any allegation of unlawful discrimination or retaliation for complaining about unlawful discrimination.

3

indicate that his claim of discrimination was based on race, sex, age, or other grounds were left blank.

The instant complaint does not contain allegations to support a cause of action for employment discrimination under federal law. Plaintiff makes no allegation of discrimination based on race, sex, or other prohibited grounds. Moreover, he does not contend that he was retaliated against for reporting any unlawful acts or for engaging in any other protected activity. Instead, the bulk of the complaint consists of no more than a recitation of rumors that circulated at the defendant's offices, the company's work schedule, speculative opinions regarding his coworkers and management, lengthy descriptions of interactions with other employees, details of personal relationships, and criminal allegations.

The Court concludes that the complaint fails to state a claim for which relief may be granted. However, because the plaintiff is proceeding *pro se*, the Court will not dismiss the complaint at this time but will instead give plaintiff the opportunity to amend.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim" upon which the plaintiff seeks relief that enables the court to determine whether it has jurisdiction over the claim. Rule 8(d) further requires that "[e]ach allegation must be simple, concise, and direct." Rule 10(b) requires plaintiff to state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstances . . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count or defense." If plaintiff chooses to amend his complaint, he must comply with these rules. Plaintiff may use the "Employment

4

Discrimination Complaint" form in amending his complaint, and he should include in the amended complaint only the facts that are relevant to his claim.

Finally, plaintiff is warned that the amended complaint will replace the original complaint. The Court will not consider any allegations or claims that are not contained in the amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall have until **April 23, 2015** to file an amended complaint that complies with the Federal Rules of Civil Procedure. **If plaintiff fails to file an amended complaint by this deadline, the Court will grant the defendant's motion to dismiss this action without prejudice and without further notice to plaintiff**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of April, 2015.