UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL P. QUINLAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:14-CV-1990 (CEJ) |
| | ) |
| SENSIENT TECHNOLOGIES CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

In the Memorandum and Order dated April 2, 2015, the Court found that plaintiff's original complaint did not contain sufficient allegations to support his claims of discrimination under federal law. Thus, the Court concluded that the complaint failed to state a claim for which relief may be granted. [Doc. #18]. Because of plaintiff's *pro se* status, the Court, in lieu of dismissal, gave plaintiff the opportunity to amend his complaint.[1]

Plaintiff timely filed an amended complaint, again using the court-provided "Employment Discrimination Complaint" form and additional typewritten pages to assert his claims. The form asks plaintiff to identify all bases for his "employment discrimination lawsuit" from a list that contains Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act, the Americans With Disabilities Act, and the Rehabilitation Act. In response, plaintiff placed an "X" in the space marked "Other (Describe)" and wrote "Retaliation." On page 5 of the form, plaintiff was asked to indicate whether he believes he was discriminated against because of his race, religion, national origin, color, gender, disability, or age. Plaintiff placed

---

[1] The Court will consider the motion to dismiss as directed to the amended complaint.

an "X" in the space marked "other" and wrote "Harassment, Breach of Confidentiality [sic] Defamation of Character."[2] In the amended complaint (as in the original), plaintiff states that he filed a charge of discrimination with the Equal Employment Opportunity Commission and that he received a notice of right to sue. In the typewritten portion of the amended complaint, plaintiff seeks to join eight individuals as additional defendants. He also asserts for the first time state law claims of defamation, invasion of privacy, breach of confidentiality, and emotional distress.

After careful review, the Court finds that the amended complaint suffers from the same deficiency as the original complaint in that it contains no allegations to support a cause of action for employment discrimination under federal law. Indeed, when given the opportunity to identify a statutory basis for his discrimination claim (*i.e.,* Title VII, ADEA, etc.) and an unlawful reason for the alleged discrimination (*i.e*, race, gender, age, etc.), plaintiff failed to do so. The only significant difference between the original complaint and amended complaint is that the latter includes new defendants and new state law claims. Thus, the Court concludes that the amended complaint fails to state a claim of employment discrimination in violation of federal law.

Plaintiff's employment discrimination claim will be dismissed. The Court declines to exercise supplemental jurisdiction over plaintiff's newly alleged state law claims and they, too, will be dismissed. See 28 U.S.C. § 1367(c).

Accordingly,

---

[2] In the original complaint, plaintiff placed an "X" in the space for indicating race as the basis for the discrimination.

2

**IT IS HEREBY ORDERED** that defendant's motion to dismiss for failure to state a claim [Doc. #9] is **granted**.

An order of dismissal will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 6th day of May, 2015.